UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA ABRAHAM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OMNI FAMILY HEALTH, <br><br> Defendant. | Case No. 1:24-cv-01456-JLT-CDB <br><br> ORDER ON STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT <br><br> (Doc. 9) <br><br> ORDER VACATING MARCH 3, 2025, SCHEDULING CONFERENCE |

**Relevant Background**

On October 23, 2024, Plaintiffs Samantha Abraham, Naomi Gaxiola, and Brian Cihal (collectively, "Plaintiffs") initiated this action with the filing of a complaint on behalf of themselves and a putative class of others against Defendant Omni Family Health ("Defendant") in the Superior Court of the State of California, Kern County, Case No. BCV-24-103623. (Doc. 1). On November 29, 2024, Defendant removed the action to this Court. (*Id.*). On December 3, 2024, the parties stipulated pursuant to Local Rule 144(a) to extend by 28 days the time for Defendant to respond to the complaint, up to and including January 3, 2025. (Doc. 5). On December 27, 2024, Plaintiffs filed the pending motion to remand the action to Kern County Superior Court that is set for hearing on February 3, 2025. (Doc. 7).

This action is one of several similar class action suits brought in or removed to this Court

in which Plaintiffs assert similar claims against Defendant. *See*, *e.g.*, *Gober Villatoro Guerra v. Omni Family Health*, No. 1:24-cv-01492-JLT-CDB ("*Guerra*") (Doc. 6). In *Guerra*, the Court noted the class action complaints here and the other Omni actions allege substantially similar facts and nearly identical causes of action against Defendant. (*Id.* at 1-2) ("From review of the several complaints, it appears these actions arise from a recent, alleged cyberattack resulting in a data breach of sensitive information in the possession and custody and/or control of Defendant (the "Data Breach")." The Court ordered Defendant to file a Notice of Related Cases in accordance with Local Rule 123(b) in *Guerra* and the identified Omni Actions therein, including the instant action. (*Id.* at 3). The Court further ordered the parties in *Guerra* to show cause why this action should or should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a). (*Id.*). On December 27, 2024, Defendant filed the Notice of Related Cases and identified as related, *inter alia*, the instant action. (*Guerra*, Doc. 8 at ¶ 4). On December 30, 2024, the parties in *Guerra* filed a joint status report in response to the Court's show cause order. (*Guerra*, Doc. 9). Therein, Defendant represents it intends to file a motion to substitute the United States in the matter and all other related Omni matters. (*Id.* at 1). The *Guerra* parties represent that they will file in the first filed of the Omni federal actions – *Ellen Pace v. Omni Family Health*, No. 1:24-cv-01277-JLT-CDB – a joint stipulation and proposed order consolidating and staying the Omni actions pending resolution of the earlier of Defendant's forthcoming motion to substitute or motions to remand in the instant action (Doc. 7) as well as *Scott Stevenson and Marcos Mantoya v. Omni Family Health*, No. 1:24-cv-01459-CDB ("*Stevenson*") (*Stevenson*, Doc. 11). (*Id.* at 2).

**Pending Stipulated Request**

Pending before the Court is the parties' stipulated request to extend by 30 additional days the time for Defendant to respond to the complaint, through and including February 3, 2025. (Doc. 9). The parties represent the requested extension will allow time for other federal court actions filed against Defendant to be consolidated and for the Court to rule on Defendant's forthcoming motion to substitute the United States in this case as a defendant pursuant to the Federal Tort Claims Act, 42 U.S.C. § 233, as well as the Plaintiffs' pending motion to remand

(Doc. 7).  (*Id.*).  The parties represent that good cause exists to grant the requested extension in the efficiencies from allowing consolidation to occur and ruling on the pending motions to substitute and to remand.  (*Id.*).

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED:

1. Defendant shall have until **February 3, 2025**, to respond to the complaint by filing an answer or other responsive pleading.  *See* Local Rule 144(a).
2. And it is FURTHER ORDERED that the scheduling conference set for March 3, 2025 (Doc. 4) is VACATED to be reset as necessary following the ruling on the pending motion to remand (Doc. 7) and resolution of the issue of consolidation.

IT IS SO ORDERED.

Dated:   **January 2, 2025**                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

3