UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA ABRAHAM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OMNI FAMILY HEALTH, <br><br> Defendant. | Case No. 1:24-cv-01456-JLT-CDB <br><br> ORDER ON STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO PLAINTIFFS' MOTION TO REMAND <br><br> (Doc. 12) <br><br> ORDER VACATING HEARING ON PLAINTIFFS' MOTION TO REMAND |

**Relevant Background**

On October 23, 2024, Plaintiffs Samantha Abraham, Naomi Gaxiola, and Brian Cihal (collectively, "Plaintiffs") initiated this action with the filing of a complaint on behalf of themselves and a putative class of others against Defendant Omni Family Health ("Defendant") in the Superior Court of the State of California, Kern County, Case No. BCV-24-103623. (Doc. 1). On November 29, 2024, Defendant removed the action to this Court. (*Id.*). On December 3, 2024, the parties stipulated pursuant to Local Rule 144(a) to extend by 28 days the time for Defendant to respond to the complaint, up to and including January 3, 2025. (Doc. 5). On December 27, 2024, Plaintiffs filed the pending motion to remand the action to Kern County Superior Court that was improperly noticed for hearing before the assigned magistrate judge instead of the presiding district judge on February 3, 2025. (Docs. 7, 8); *see* Local Rule 230(k),

302(c). On January 2, 2025, the Court granted the parties' stipulated request to extend time for Defendant to respond to the complaint to February 3, 2025, and vacated the scheduling conference set for March 3, 2025. (Doc. 10). On January 8, 2025, Defendant filed the Notice of Related Cases and identified as related several actions, including at the time 13 cases before this Court, eight cases before the Kern County Superior Court, and one case before the Fresno County Superior Court.[1] (Doc. 11 at 1-3). Defendant therein advised it intends to remove all the state actions pending in the Superior Courts of California pursuant to 28 U.S.C. § 1446(b). (*Id.* at 3). Defendant attests that it has either been served or waived service in all the cases identified aside from three of the state actions. (*Id.*).

This action is one of several similar class action suits brought in or removed to this Court in which Plaintiffs assert similar claims against Defendant. *See*, *e.g., Gober Villatoro Guerra v. Omni Family Health*, No. 1:24-cv-01492-JLT-CDB ("*Guerra*") (Doc. 6). In *Guerra*, the Court noted the class action complaints here and the other Omni actions allege substantially similar facts and nearly identical causes of action against Defendant. (*Id.* at 1-2) ("From review of the several complaints, it appears these actions arise from a recent, alleged cyberattack resulting in a data breach of sensitive information in the possession and custody and/or control of Defendant (the "Data Breach")." The Court ordered Defendant to file a Notice of Related Cases in accordance with Local Rule 123(b) in *Guerra* and the identified Omni Actions therein, including the instant action. (*Id.* at 3). The Court further ordered the parties in *Guerra* to show cause why this action should or should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a). (*Id.*). On December 27, 2024, Defendant filed the Notice of Related Cases and identified as related, *inter alia*, the instant action. (*Guerra*, Doc. 8); *see* (Doc. 11).

On December 30, 2024, the parties in *Guerra* filed a joint status report in response to the Court's show cause order. (*Guerra*, Doc. 9). Therein, Defendant represents it intends to file a motion to substitute the United States in the matter and all other related Omni matters. (*Id.* at

---

[1] The Court notes two of the identified Omni actions were voluntarily dismissed. *See Brandon Cubit v. Omni Family Health*, No. 1:24-cv-01491-KES-CDB (Doc. 5) & *Katarina Hernandez individually and as next friend on behalf of S.A. (minor) v. Omni Family Health*, Superior Court of the State of California, County of Kern, Case No. BCV-24-103697 (dismissed on Dec. 23, 2024).

2

1). The *Guerra* parties represent that they will file in the first filed of the Omni federal actions – *Ellen Pace v. Omni Family Health*, No. 1:24-cv-01277-JLT-CDB ("*Pace*") – a joint stipulation and proposed order consolidating and staying the Omni actions pending resolution of the earlier of Defendant's forthcoming motion to substitute or motions to remand in the instant action (Doc. 7) as well as *Scott Stevenson and Marcos Mantoya v. Omni Family Health*, No. 1:24-cv-01459-CDB ("*Stevenson*") (*Stevenson*, Doc. 11). (*Id.* at 2).

On January 9, 2025, the parties filed in the *Pace* action the joint stipulated request for consolidating and staying the Omni actions ("Consolidation Stipulation"). (*Pace*, Doc. 9).

**Pending Stipulated Request**

Pending before the Court is the parties' stipulated request to extend Defendant's time to oppose the pending motion to remand to February 14, 2025, filed on January 9, 2025. (Doc. 12). The parties represent that on January 9, 2025, the parties filed the pending Consolidation Stipulation in the *Pace* action. (*Id.* ¶ 8); *see* (*Pace*, Doc. 9). The parties represent that the Consolidation Stipulation, among other things, proposes: (1) the consolidation of the federal court Omni actions identified in the Notice of Related Cases (Doc. 11) (collectively, the "Federal Court Actions"); (2) completion of the briefing on the pending motion to remand filed in the *Stevenson* action (*Stevenson*, Doc. 11), a decision on which will apply to all of the related cases ("*Stevenson* remand motion"); and (3) a briefing schedule on the *Stevenson* remand motion, which includes a deadline of February 14, 2025, for the filing of Defendant's opposition to the *Stevenson* remand motion. (*Id.*). The parties represent that consistent with the Consolidation Stipulation, the parties agree, subject to the Court's approval, to extend Defendant's time to oppose the pending motion to remand in the instant action to February 14, 2025, to allow for the entry of the Consolidation Stipulation. (Doc. 12 ¶ 9). The parties represent that good cause exists in the efficiencies in allowing time for consolidation and consolidated briefing on the issue of remand. (*Id.* ¶ 10).

///

///

///

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED:

1. Defendant shall have until **February 14, 2025**, to file its opposition to the pending motion to remand (Doc. 7).  *See* Local Rule 144(a).

2. The hearing on Plaintiffs' pending motion to remand is VACATED.  *See* Local Rules 230(k), 302(c).

IT IS SO ORDERED.

Dated:   **January 10, 2025**          _____
                                       UNITED STATES MAGISTRATE JUDGE